OPINION JUDGMENT ENTRY
{¶ 1} Appellant, Peter Rukavina, and appellee, Madalana Rukavina, were married on August 18, 1977. On November 6, 2002, appellee filed a complaint for divorce. A trial commenced on May 14, 2003. By judgment entry filed August 15, 2003, the trial court granted the parties a divorce, divided the parties' assets, and awarded appellee $1,300 per month in spousal support.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "Because the record is completely devoid of evidence of appellee's living expenses, the trial court's award of spousal support was unreasonable."
 II {¶ 4} "Because the value of the orrville farm increased significantly in value because of both parties' labor and monetary contributions, the trial court erred in designating it as appellee's separate, instead of marital property."
 III {¶ 5} "The trial court's division of marital property was unequal and inequitable because it awarded appellee approximately $306,000 more in assets than appellant."
 I {¶ 6} Appellant claims the award of spousal support is not supported by the record. Specifically, appellant claims the trial court abused its discretion in awarding spousal support because the record is completely devoid of any evidence of appellee's living expenses. We disagree.
 {¶ 7} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunklev. Kunkle (1990), 51 Ohio St.3d 64. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. R.C. 3105.18 governs spousal support. Subsection (C) states the following:
 {¶ 8} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 9} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 10} "(b) The relative earning abilities of the parties;
 {¶ 11} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 12} "(d) The retirement benefits of the parties;
 {¶ 13} "(e) The duration of the marriage;
 {¶ 14} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 15} "(g) The standard of living of the parties established during the marriage;
 {¶ 16} "(h) The relative extent of education of the parties;
 {¶ 17} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 18} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 19} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 20} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 21} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 22} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 23} In its August 15, 2003 Conclusions of Law, the trial court acknowledged that it reviewed all of the factors of R.C.3105.18(C) in finding spousal support appropriate. Although appellant argues there was no evidence presented of appellee's living expenses, a financial statement filed with the November 2, 2002 complaint for divorce set out appellee's obligations and living expenses. R.C. 3105.18(C) does not list as a factor the consideration of the living expenses of the party seeking support. The record is replete with the other factors listed in the statute that pertain to the case sub judice, such as, the income of the parties, their ages, their relative earning abilities, their retirement benefits, the duration of the marriage, their education, and their assets and liabilities. T. at 5-6, 9-10, 12, 43-47, 76, 99-103, 130, 132, 138, 140.
 {¶ 24} Upon review, we find no abuse of discretion in awarding spousal support.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Appellant claims the trial court failed to consider as marital property his labor and/or monetary contributions to appellee's separate property. Appellant claims he should be entitled to some marital property value given the fact that his labors caused an appreciation in appellee's Orrville farm. We disagree.
 {¶ 27} The trial court did not find any appreciated value to what remained of appellee's separate property, but clearly acknowledged that the development of a golf center thereon and the proceeds from its subsequent sale were marital property and were treated by the parties as such. Said monies were used to pay off marital debts. See, Finding of Fact No. 14. Therefore, the trial court did in fact assign some value to appellant's efforts to improve appellee's separate property.
 {¶ 28} Appellee testified after the sale of the golf center, nothing more was done to improve the remaining property. T. at 15-17. Appellant testified the improvements to the property were made for the golf center. T. at 163. Appellant agreed that only cutting of the remaining idle land was done after the sale. T. at 164.
 {¶ 29} We fail to find that mowing of idle farm land would in any way appreciate the land or have a monetary impact on value.
 {¶ 30} Upon review, we find the trial court did not err in failing to assign a marital property value to appellant's labors on appellee's separate property.
 {¶ 31} Assignment of Error II is denied.
 III {¶ 32} Appellant claims the trial court erred in the distribution of marital assets. Specifically, appellant claims the trial court's conclusions do not support the unequal distribution of marital assets. We disagree.
 {¶ 33} Primarily, appellant's argument centers on the trial court's decision to not divide the parties' marital portion of their respective pensions. In its judgment entry of August 15, 2003, the trial court did not acknowledge that the distribution of marital assets was unequal, but justified the distribution as follows:
 {¶ 34} "9. The Court determines that the foregoing division of marital property, while not equal, is equitable due to factors of the case. These factors include increased salary of husband, retirement issues and conduct of parties." Conclusion of Law No. 9.
 {¶ 35} R.C. 3105.171 governs division of marital and separate property. Subsections (C)(1) and (F) state the following in pertinent part:
 {¶ 36} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
 {¶ 37} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 38} "(1) The duration of the marriage;
 {¶ 39} "(2) The assets and liabilities of the spouses;
 {¶ 40} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 41} "(4) The liquidity of the property to be distributed;
 {¶ 42} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 43} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 44} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 45} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 46} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 47} The evidence on the valuation of the parties' pension funds used two different approaches. Appellant's position was that the valuation of appellee's pension (STRS) should be viewed in its present value analysis, regardless of the fact that appellee was not going to retire even though she was eligible and the pension provided no benefits to a survivor if appellee died before retirement. T. at 97-98; Defendant's Exhibit A1a. The marital portion value was set by appellant's expert at $661,558.09. T. at 99. Appellee opined the value should be the pension's cash withdrawal amount as of the date of valuation, $237,797.11. T. 111. On the other hand, appellant's expert valued appellant's pension based upon a discount for same not being available until appellant reached sixty-five years of age. T. at 100-101. The marital share of appellant's pension was found to be $224,380.04, with social security benefits of $87,911.52, for a total of $312,291.56. T. at 101, 102; Defendant's Exhibit A5. As acknowledged by the expert, pension evaluation is controlled by many variables including "numerous benefit calculations of many different retirement ages that are possible, subsidies, supplements, lots of variables that can happen." T. at 97.
 {¶ 48} In determining the value of appellant's pension, the trial court did not add the social security valuation, but subtracted it from appellee's valuation. See, Finding of Fact No. 7. In fact, the trial court acknowledged in Finding of Fact No. 10 the difficulties in dividing corporate conventional retirement plans and social security vis-à-vis a state pension fund.
 {¶ 49} Appellant argues these supplemental reasons are not sufficient to justify an unequitable division of marital property. We disagree. The trial court states its decision is based upon the facts of the case. Included in Finding of Fact Nos. 16 and 17 are facts sufficient to establish that somehow, approximately $100,000 was unaccounted for and was within appellant's exclusive control.
 {¶ 50} Although we acknowledge this is an unequitable distribution of marital property, we nonetheless find the trial court sufficiently delineated its reasons for such disparity which is corroborated by the record.
 {¶ 51} Assignment of Error III is denied.
 {¶ 52} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, P.J. and Boggins, J. concur.
Edwards, J. dissents.